IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL LUDY, ) | |
|     Plaintiff, ) | |
|         v. ) | C.A. No. 06-74 Erie |
| ) | |
| JAMES F. SHERMAN, et al., ) | |
|     Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that Plaintiff's application for emergency restraining order, included as part of his Complaint [Document # 5], be denied.

**II.   REPORT**

Plaintiff Daryl Ludy, an inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), has filed an application for temporary restraining order seeking an Order requiring Defendants to grant him a soft shoe pass, which would allow him to wear tennis shoes, instead of the required boots, when attending noon meals. Plaintiff alleges that he is entitled to a soft shoe pass "due to [his] diabetes and the persistence of neuropathy in [his] feet and legs..." (Document # 5, Section IV.C.5).

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir.

1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Petitioner will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").

Petitioner bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Petitioner must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Petitioner has failed to meet his burden of showing immediate irreparable injury. During a telephonic hearing held on July 17, 2006, with regard to Plaintiff's emergency application, Defendants' counsel represented to this Court that Plaintiff's medical record indicates that Plaintiff's diabetes has been monitored and treated on a regular basis in FCI-McKean's Chronic Care Clinic. In addition, the medical record does not disclose any evidence of neuropathy in Plaintiff's feet, which is required for a soft shoe pass. This medical evidence was not disputed by Plaintiff, but Plaintiff did voice his disagreement with the type of testing that was used to determine whether neuropathy was present. In particular, Plaintiff stated that a "needle test" was not conducted to verify the numbness he claims to be experiencing on the outer edges of his

feet. In addition, Plaintiff explained that this numbness became more apparent when he wore the boots he was required to wear to noon meals, which has caused him to skip the meals to avoid having to wear the boots. Nevertheless, since the medical record does not disclose the presence of neuropathy in Plaintiff's feet, this Court cannot find that Plaintiff will suffer immediate irreparable injury if he is not granted a soft shoe pass allowing him to wear tennis shoes.

In an attempt to alleviate Plaintiff's condition, however, this Court has requested that Defendants measure Plaintiff's feet to determine whether larger boots may be appropriate to lessen the constrictive feeling Plaintiff has described to this Court. In addition, this Court has requested that Defendants check with medical personnel to determine whether the "needle test" described by Plaintiff would be necessary and appropriate to verify the numbness Plaintiff claims to be experiencing in his feet.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's application for emergency restraining order, included as part of his Complaint [Document # 5] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief U.S. Magistrate Judge

Date: July 19, 2006